IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID EDWARD CORRY,                       Civil No. 06-71-HO

               Plaintiff,         ORDER

     v.

GUY HALL, et al.,

               Defendants.

     The civil rights complaint, filed pro se, appears to allege that plaintiff was not permitted to carry his catheter out of his cell at Two Rivers Correctional Institution (TRCI), and as a result, plaintiff urinated and defecated in his pants during three-hour classes.[1] Plaintiff seeks one million dollars for pain and suffering, anguish, fear and humiliation. The court issued a summary judgment advice notice. Defendants filed a

---

[1] Plaintiff alleges he attended the Breaking Barriers class from March 21 to April 8. Complaint at 4-5. Exhibits attached to the complaint indicate that plaintiff attended the classes in 2005.

motion for summary judgment. The court extended the time for plaintiff to file a response and advised that failure to file a response as directed may result in the court granting defendants' motion for summary judgment. Plaintiff filed no response.

## Undisputed Facts

At all material times, plaintiff was an inmate in the custody of the Oregon Department of Corrections (ODOC) at TRCI.

Defendants are ODOC employees. Guy Hall is the Superintendent at TRCI. Bridgett Whelan is the Health Services Manager at TRCI. Dr. Steven Shelton is the ODOC Medical Director. Aleca Nelson is an executive assistant at TRCI.

Prior to his incarceration, plaintiff underwent a tumor removal that resulted in nerve damage. As a result, plaintiff has a partially paralyzed sphincter that makes it difficult to completely empty the bladder. To prevent bladder infection, plaintiff uses clean intermittent self-catheterization (CISC) several times a day in order to completely empty his bladder.

Plaintiff does not have the type of catheter that is implanted, but rather self-catheterizes to prevent infection. Although he is required to self-catheterize two to three times a day in order to prevent bladder infection, plaintiff does not need to carry his catheter with him unless he would be away from his place of catheterization for over 12 hours. Plaintiffs schedule did not involve such extended absences from his cell.

2 - ORDER

Catheter supplies can be used to ferment alcohol, and the tubing can be converted into a weapon. Accordingly, inmates are not permitted to carry such supplies out of their cells absent a medical necessity.

Plaintiff never informed Health Services that he had urinated on himself in class, and there is no record of such occurrence in plaintiffs medical file. Had Health Services been made aware of such a situation, they would have taken additional steps, such as the provision of special undergarments.

## Discussion

Summary judgment is appropriate if there no disputed issues of material fact and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). By virtue of plaintiff's failure to file a response to defendants' concise statement of material facts, material facts in defendants' statement are deemed admitted. LR 56.1(f).

Plaintiff does not allege physical injury. His claim for mental injury is therefore barred. 42 U.S.C. § 1997e(e). Plaintiff does not allege facts linking Superintendent Hall to his injury. Plaintiff cannot recover against Hall. Plaintiff alleges defendants deprived him of access to a catheter during three-hour classes over a three-week period. It is undisputed that plaintiff can be away from his catheter for twelve hours, and that Health Services was not aware that plaintiff urinated

and defecated in his pants. A reasonable juror could not conclude that any defendant was deliberately indifferent to a serious medical need of the plaintiff, Estelle v. Gamble, 429 U.S. 97, 104 (1976), or that deprivation of plaintiff's catheter for three-hour periods denied plaintiff of the minimal civilized measure of life's necessities. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quotations and internal citations omitted).

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#31] is granted. This action is dismissed.

IT IS SO ORDERED.

DATED this __6th__ day of August, 2007.

                                           s/ Michael R. Hogan
                                         United States District Judge